UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: <br> GIFTY A. KING, A/K/A GIFTY A. BEDIAKO <br>     *Debtor* | Case No.: 15-30773 (AMN) <br> Chapter 7 |
| STATE OF CONNECTICUT <br> DEPARTMENT OF LABOR, <br>     *Plaintiff* <br> v. <br> GIFTY A. KING, A/K/A GIFTY A. BEDIAKO <br>     *Defendant* | Adv. Pro. No. 15-03024 (AMN) <br><br> Re: ECF No. 27 |

**MEMORANDUM OF DECISION AND**
**ORDER GRANTING MOTION FOR JUDGMENT**

**I.    INTRODUCTION**

On August 10, 2015, the State of Connecticut, Department of Labor (the "Plaintiff" or "CTDOL") commenced this adversary proceeding against Gifty A. King, also known as Gifty A. Bediako, ("Ms. King" or the "Defendant") by filing a two-count complaint. ECF No. 1. Count one of the complaint seeks to have a debt owed to the CTDOL by Ms. King deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The second count of the complaint seeks to have administrative penalties assessed against Ms. King, pursuant to Connecticut General Statutes § 31-273(b) deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(7). Ms. King failed to plead to the complaint and the Clerk issued an Entry of Default, ECF No. 8, on October 28, 2015. On December 29, 2016, the CTDOL filed a motion for default judgment under Fed.R.Civ.P. 55(b), made applicable through Fed.R.Bankr.P. 7055. ECF No. 27. During a hearing held on March 8, 2017 on the motion for default judgment, Michael Castillo ("Mr. Castillo") from the CTDOL testified for

the CTDOL and the court admitted Plaintiff's Exhibits 1-9 into evidence. The CTDOL, on January 13, 2017, sent notice of the hearing to Ms. King by certified mail at her last known address. ECF No. 30; ECF No. 33 at 00:00:20 – 00:01:38.[1]

## II. **FINDINGS OF FACT**

Pursuant to Fed.R.Civ.P. 52, made applicable to this matter through Fed.R.Bankr.P. 7052, the following are the court's findings of fact and conclusions of law. On May 16, 2013, following a hearing, the CTDOL issued a "Fact Finding Report – Decision & Reasoning." Plaintiff's Exhibit 2; ECF No. 33 at 00:10:00-00:10:32. On June 6, 2013, the CTDOL issued an "Overpayment and Administrative Penalty Decision". Plaintiff's Exhibit 4; ECF No. 33 at 00:10:55-00:11:21. Ms. King never exercised her right of appeal contesting the findings or decisions made by the CTDOL. ECF No. 33 at 00:27:40-00:27:55. Pursuant to Conn. Gen. Stat. § 31-249a(a), "any decision of the board, in the absence of a timely filed appeal from a party aggrieved thereby … shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." Conn. Gen. Stat. § 31-249a(a). Accordingly, this court adopts and incorporates herein the following factual findings from the CTDOL:

1. Ms. King was hired by the State of Connecticut, Department of Development Services ("CTDDS") on February 22, 2002. Plaintiff's Exhibit 2.

2. Ms. King received unemployment compensation benefits for the weeks ending August 4, 2012 through September 1, 2012 and September 15, 2012 through April 13, 2013. Plaintiff's Exhibit 4.

---

[1] All timestamps indicate the hours minutes and seconds (00:00:00) for the .mp3 file publicly available at the referenced ECF No. as played on VLC Media Player.

3. Subsequently, the CTDDS learned that Ms. King was not authorized to work in the United States and had provided a fraudulent green card at the time of hire. Plaintiff's Exhibit 2; see also, ECF No. 33 at 00:15:35-00:16:00; 00:18:50-0019:10.

4. The CTDDS protested Ms. King's receipt of unemployment compensation benefits and the CTDOL conducted a hearing on May 16, 2013. Plaintiff's Exhibit 2.

5. Ms. King was represented by counsel during the hearing before the CTDOL. Plaintiff's Exhibit 2; ECF 33 at 00:22:20-00:22:55.

6. At the conclusion of the hearing, the CTDOL found that Ms. King had not been authorized to work in the United States since the time of hire in 2001, and therefore was ineligible for unemployment benefits. Plaintiff's Exhibits 2 and 4.

7. On June 6, 2013, the CTDOL sent Ms. King a final determination letter stating that it had made a determination, based upon review of the case file and information she had provided at the hearing, that Ms. King's unemployment compensation account was overpaid by $17,496.00. Plaintiff's Exhibit 4.

8. In the June 6, 2013 letter, the CTDOL demanded repayment of the $17,496.00 and assessed a 35-week administrative penalty. Plaintiff's Exhibit 4.

9. The June 6, 2013 letter also advised that Ms. King had twenty-one (21) days to appeal the CTDOL's determination. Plaintiff's Exhibit 4; ECF No. 33 at 00:26:55 – 00:27:05.

Mr. Castillo from the CTDOL testified that Ms. King did not appeal the CTDOL's June 6, 2013 Decision. ECF No. 33 at 00:27:40-00:27:55. Mr. Castillo further testified

that the current balance, including interest, owed to the CTDOL on the overpayment of benefits was $ 24,027.03.  Plaintiff's Exhibit 5; ECF No. 33 at 00:25:05-00:26:06.

### III. GOVERNING LAW

Bankruptcy allows "honest but unfortunate debtors" an opportunity to reorder their financial affairs and get a fresh start. *Evans v. Ottimo,* 469 F.3d 278, 281 (2d Cir. 2006)(citing *Cohen v. de la Cruz,* 523 U.S. 213, 217 (1998)).  The statutory discharge of preexisting debts, as set forth in 11 U.S.C. § 727, is one of the primary ways that this fresh start is accomplished. Under 11 U.S.C. § 523(a), some pre-existing debts, that were not obtained honestly, are exempted from the discharge.  "A discharge under [Chapters 7, 11, 12, or 13] of this title does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud." *Husky Int'l Elecs., Inc. v. Ritz,* 136 S. Ct. 1581, 1586, 194 L. Ed. 2d 655 (2016)(referencing 11 U.S.C. § 523(a)(2)(A)).

Subsection (a)(2)(A) of § 523 provides, in relevant part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
   (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained, by—
      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition[.]
11 U.S.C. § 523(a)(2)(A).

In order to succeed on a cause of action under § 523(a)(2)(A), a creditor must establish the following elements:

(1) the debtor made the representations;
(2) at the time he knew they were false;
(3) he made them with the intention and purpose of deceiving the creditor;
(4) the creditor justifiably relied on such representations; and

(5) the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.
*In re Couloute*, 538 B.R. 184, 188 (Bankr. D. Conn. 2015)(citing *Universal Bank, N.A. v. Owen (In re Owen)*, 234 B.R. 857, 860 (Bankr. D. Conn. 1999).

"[T]he plaintiff bears the burden of proving those elements by a fair preponderance of the evidence." *Cooke v. Cooke (In re Cooke)*, 335 B.R. 269, 275 (Bankr. D. Conn. 2005). "To be actionable, the debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient." *In re Couloute*, 538 B.R. 184, 188 (Bankr. D. Conn. 2015)(citations omitted).

Additionally, Bankruptcy Code § 523(a)(7) excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss…." In *Kelly v. Robinson*, 479 U.S. 36 (1986), the Supreme Court observed that "[o]n its face, [section 523(a)(7)] creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the fines must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.'" 479 U.S. 36, 51 (1986). Bankruptcy Code § 523(a)(7) does not distinguish between criminal and civil fines and penalties. See, 4-523 Collier on Bankruptcy P 523.13 (16th 2017); see also, *Bace v. Babitt,* 2012 U.S. Dist. LEXIS 92441, 2012 WL 2574750 (S.D.N.Y. May 10, 2012)(parking fines that were civil in nature were non-dischargeable under 523(a)(7)); *In re Jimmo,* 204 B.R. 655 (Bankr. D. Conn. 1997)(fine imposed in favor of Inland Wetlands and Watercourses Agency for willful violation of regulations was not dischargeable).

**IV.    DISCUSSION**

In this case, the CTDOL seeks a determination that the $17,496.00 in overpaid unemployment compensation benefits, plus interest, is non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(A). The CTDOL June 6, 2013 final decision found that Ms. King had fraudulently represented her employment status and, as a result, received unemployment benefits she otherwise would not have been entitled to receive. Ms. King, despite the opportunity, did not refute the allegation or appeal the CTDOL's decision. The CTDOL, in reaching its decision, conducted the same factual analysis that this court would undertake under Bankruptcy Code § 523(a)(2)(A), *i.e.*, considering whether the debtor's receipt of funds was fraudulent. Under these circumstances, the court finds it is appropriate to give deference to the CTDOL's June 13, 2013 final decision. The court concludes that Ms. King obtained unemployment compensation benefits by a false representation when she misrepresented her employment status. Accordingly, the debt owed to the CTDOL of $17,496.00, plus interest, representing the overpayment in benefits, is non-dischargeable under Bankruptcy Code § 523(a)(2)(A).

The CTDOL also seeks, pursuant to Bankruptcy Code § 523(a)(7), an order finding non-dischargeable the thirty-five (35) week administrative penalty assessed against Ms. King. Connecticut General Statutes § 31-273(b)(2), provides in relevant part:

> [A]ny person who has made a claim for benefits . . . and has knowingly failed to disclose a material fact in order to obtain benefits or to increase the amount of benefits to which such person may be entitled . . . shall forfeit benefits for not less than one or more than thirty-nine compensable weeks following determination of such offense . . . . This penalty shall be in addition to any other applicable penalty . . . and in addition to the liability to repay any moneys so received by such person . . . .
> Conn. Gen. Stat. § 31-273(b)(2).

As stated earlier, to support a finding under § 523(a)(7), the penalty must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary

loss.' 11 U.S.C. § 523(a)(7). The forfeiture provided for under Conn. Gen. Stat. § 31-273(b)(2) satisfies both requirements.

**NOW THEREFORE**, it is hereby

**ORDERED**, that a judgment in favor of the CTDOL shall enter on count one of the complaint; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 523(a)(2)(A), the amount of Seventeen Thousand Four Hundred and Ninety Six ($17,496.00) Dollars, plus statutory interest at an annual rate of one percent per month from June 6, 2013, shall be non-dischargeable;

**ORDERED**, that a judgment in favor of the CTDOL shall enter on count two of the complaint; and it is further,

**ORDERED**, that, pursuant to 11 U.S.C. § 523(a)(7), the thirty-five (35) week forfeiture of future unemployment compensation shall be non-dischargeable.

Dated on April 4, 2017, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut